UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AERO UNION CORPORATION,   )<br>                              )<br>     Plaintiff,             )<br>  v.                         )          1:11-cv-00484-JAW<br>                              )<br>AIRCRAFT DECONSTRUCTORS      )<br>INTERNATIONAL LLC, et al.,   )<br>                              )<br>     Defendants.             )  | |

**ORDER ON MOTION FOR CLARIFICATION OF ORDER**

Viewing the Defendant's motion for clarification of order as raising issues better resolved through the discovery dispute process envisioned in the Local Rules, the Court dismisses the Defendant's motion without prejudice.

I.   STATEMENT OF FACTS

  A.   Procedural History

On August 24, 2012, the Court issued an Order allowing the parties to engage in limited discovery on whether the transaction in this case fits within the commercial activity exception to the Foreign Sovereign Immunities Act (FSIA), whether the Defendant has waived sovereign immunity, and whether the aircraft that is the subject of the dispute is, or is intended to be, used in connection with a military activity. *Order* (ECF No. 53). On September 7, 2012, Defendant European Aerospace Defense Space—Construcciones Aeronauticas Anonima (EADS-CASA) moved for clarification of the Order. *Mot. of Def. EADS-CASA for Clarification of*

*This Ct.'s Aug. 24, 2012 Order* (ECF No. 57) (*EADS-CASA's Mot.*).  On September 28, 2012, the Plaintiff Aero Union Corporation (Aero Union) filed its opposition. *Pl.'s Objection to Mot. of Def. EADS-CASA for Clarification of This Ct.'s Aug. 24, 2012 Order* (ECF No. 63) (*Pl.'s Opp'n*).  On October 12, 2012, EADS-CASA replied. *Reply Mem. of Def. EADS-CASA in Support of Mot. for Clarification of This Ct.'s Aug. 24, 2012 Order* (ECF No. 64) (*EADS-CASA's Reply*).

### B. EADS-CASA's Motion for Clarification

EADS-CASA requests two types of relief: (1) a clarification of permissible discovery to confirm its limited nature; and (2) a clarification of the statement of facts in the Order to confirm the Court was reciting the Plaintiff's allegations, not making findings of fact.  *EADS-CASA's Mot.* at 1-10.  More specifically, EADS-CASA objects to certain aspects of the decretal paragraphs in the Order, essentially stating that they are overbroad.  *Id.* at 5-6.  In addition, EADS-CASA is worried that the Court's statement of facts will be taken as findings of fact.  *Id.* at 7-8.

### C. Aero Union's Response

Aero Union responds that the Court's Order is sufficiently clear and narrow and that the meaning of the statement of facts portion of the Court Order is plain. *Pl.'s Opp'n* at 1-5.  Aero Union objects to EADS-CASA's placing factual and legal positions before the Court in a motion for clarification.  *Id.* at 5-6.

### D.     EADS-CASA's Reply

In its reply, EADS-CASA points to several specific discovery requests that Aero Union has propounded that in EADS-CASA's view go beyond the intent of the Order. *EADS-CASA Reply* at 1-4.

## II.   DISCUSSION

The Court agrees with Aero Union that EADS-CASA's motion for clarification is really a discovery dispute and that the Court's August 24, 2012 Order does not require clarification. In its Order, the Court set forth certain permissible areas of discovery and at the same time, stressed that the discovery would be tightly circumscribed, that discovery would be restricted to the narrow issue of the aircraft's immunity from attachment, and that the Court would not allow Aero Union to engage in a fishing expedition for documents. *Order* at 17-19. As is evidenced by the Court's requiring Aero Union to file a status report every thirty days as to its efforts to conduct limited permissible discovery, the Court intended to keep a tight rein on the scope of necessary discovery and to encourage the parties to expeditiously resolve discovery disputes. *See id*. at 19.

From the Court's perspective, the issues that EADS-CASA has raised are more properly addressed through Local Rule 26 than through a global alteration of the Order. *See* D. ME. LOC. R. 26. Local Rule 26 is designed to give the Court a specific context for any discovery dispute, to allow the parties to narrow any disputes before presenting them to the Court. *See id*. In the Court's view, the parties would be better served if they follow the local rule. This is not to say that

EADS-CASA's concerns about Aero Union's discovery requests are not legitimate; rather, that the Court would prefer to address the issues more specifically.

Finally, EADS-CASA's motion may be a vehicle to telegraph its disgruntlement with the Order itself and the Court allowing any discovery at all. On this point, the Court is not inclined to change its Order especially because the Order is consistent with caselaw from four circuit courts, each of which approved narrowly-focused discovery on FSIA lawsuits. *Order* at 18. If the Aero Union lawsuit is as clearly non-meritorious as EADS-CASA claims, the Court suggests that the parties conclude this limited discovery phase with dispatch so that the Court can quickly reach the merits of the underlying litigation.

Regarding EADS-CASA's worries about the statement of facts in the August 24, 2012 Order, the Court assumes this part of the motion was more client than lawyer driven. Of course in describing the factual underpinnings of the dispute between the parties, the Court was not engaging in judicial fact-finding. In its statement of facts, the Court was merely reciting the allegations in Aero Union's amended complaint, allegations that remain just that. The Court's recitation of facts in its Order are not in any way binding on EADS-CASA, which clearly has a markedly different view of the events leading to this lawsuit. Perhaps the Court should have expressly said so, but it does seem obvious. To make sure that the parties do not misinterpret this Order as binding on the resolution of any future discovery disputes, the Court is dismissing EADS-CASA's motion without prejudice.

## III.  CONCLUSION

The Court DISMISSES European Aerospace Defense Space—Construcciones Aeronauticas Anonima Motion for Clarification of This Court's August 24, 2012 Order without prejudice (ECF No. 57).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2012